ALBERT H. PORTER and CHARLES PARSONS *versus*
ARTHUR G. SPARHAWK and SAMUEL
SHERWOOD
March 31, 1842.

. . . . . . . . . . . ., attorney for plaintiffs.
. . . . . . . . . . . ., attorney for defendants.

[INDORSEMENT]

Sup. Court 4 Cir. Jan^y 1842

Porter et al
vs
Sparhawk et al          } Mem° of Opinion

Aynur                   } March 31—decided—
vs.
Knowlton et al

[OPINION]

Porter & Parsons
vs.
Sparhawk & Sherwood

This is a case certified to this court from the Oakland Circuit by the Presiding [Judge] of that Court, and presents only this question, Whether in assumpsit against two defts, and one of them, the principal in the Contract having suffered judgment against him by default, is a competent wit. for the Plff to support the action against the other deft, he the principal, consenting to testify?

The decisions upon this question have been somewhat con[tra]dictory both in England, and in the United States.

In the case of *Chapman vs Graves 2 Campb. R. 333* Le Blanc J. said "The general rule is that a party to the record is not admissible as a Witness"—and the evidence was rejected.

In Emmet vs. Bradley, 7 Taunton R. 599, 3 of 5 Defts pleaded Bankruptcy, and the evidence having established their plea, it was proposed to enter a verdict for them forthwith, and to call them as witnesses, to show that the other two were not joint contractors, but the evidence was rejected.

And in Mant vs. Mainwaring, 8 Taunt. 139, a co defendant who had suffered judg$^t$ by default, was not allowed when called as a witness for the Plff to show that the other defts were his partners.

Dallas and Park Justices, on the ground that he was interested—But Burrough Justice, said "The general rule is, that no party to an action can be examined but by consent; and all the parties to the record must consent; and without such consent none can be called. In this case, he continues, the codefendants objected, and therefore the witness was properly rejected"—

In the case of Brown vs. Brown, 4 Taunt. 752 it was decided that a witness who had suffered judg$^t$ by default, could not be called for the plff to prove the partnership between himself and the other Deft., because he had an interest in fixing the other Deft. with a proportion of the debt; inasmuch as, having suffered judg$^t$ by default, if the Plff failed in the joint action, he the Witness would be liable for the whole in a separate action.

Cited 8 Taunt. 139

But in several other cases it has been held that when a party to the suit had suffered judg$^t$ by Deft. and had no interest in favor of the party calling him, that he was a competent witness.

Ward vs. Haydon and another, 2 Esp. N. P. C. 553

Raven vs. Dunning 3 Esp. N. P. C. 25. Buller N. P. 98.

But the latest case I have seen, decided in the Com. Pleas in England in 1831, appears to me to lay down the correct rule.

This was the case of Worrall vs. Ja$^s$ Jones, W$^m$ Baker & Ed. Jones, 7 Bingh. 395—Debt on Bond, conditioned for the pay$^t$ of rent by Edward Jones, as tenant to the Plff, pursuant to an ag$^{rt}$ made in Jan$^y$ 1806.

The two Jones's suffered Judg$^t$ by default, and Baker pleaded that the tenancy under the ag$^{rt}$ ceased on March 1816, up to which time all rent had been paid. And the issue to be tried was, whether the tenancy under the ag$^{rt}$ had ceased—

At the trial before Bosanquet, Justice, the Plff called Ed. Jones, one of the Defts as a Witness to prove that his tenancy under the ag$^{rt}$ continued to 1829.

His testimony was objected to, on the ground, that he was a party to the record, but the testimony was rec$^d$, subject to a

motion to the Court as to its admissibility, and the Plff recovered a verdict.

A rule *nisi* for a new trial was obtained on the ground that the Witness had been improperly rec^d.

On the argument the cases were fully cited.

Tindal, Ch. Jus. delivered the opinion of the Court in which he says—"No case has been cited, nor can any be found, in which a Witness has been refused upon the objection in the abstract, that he was a party to the suit; on the contrary, many have been brought forward, in which parties to the suit, who have suffered judg^t by default, have been admitted as Wit. against their own interest: and the only inquiry seems to have been, in a majority of the cases, whether the party called was interested in the event of the suit or not; and the admission or rejection of the Witness has depended on the result of this inquiry.

The exclusion on the ground of *interest* is a known principle of the law of Evidence; and so much did Lord Chief Baron Gilbert consider this as the only solid objection against the evidence of a *party* to the *suit*, that after laying it down as a general rule, that no man interested in the matter in question can be a Witness for himself, he states, that several corollaries may be deduced from this rule; of which he gives, as the first "That the Plff or Deft cannot be a Witness in his own cause; for these are the persons who have a most immediate interest, and it is not to be presumed that a man who complains without cause, or defends without Justice, should have honesty enough to confess it." "That a party to the record["] continues Ch. J. Tindall ["]should not be *compelled against* his *consent* to become a Witness in a court of law, is [a rule] founded in good sense and sound policy; it forms the point of the decision in the case [of] the King vs. Woodburn 10

East 395, and the decision of that case leads to the necessary inference, that if the party consents to be examined, he is then an admissible Witness.[”]

He adds "We think, therefore, when the party to the Suit, who has suffered judg$^t$ by default, waives the objection and consents to be examined, and is called against his own interest, there is no ground, either on principle or authority, for rejecting him."

The case at bar is precisely like the case in 7 Bingh. Here the principal in the contract was called, and consented to be examined as a Witness. If judg$^t$ should be rendered against all the Defts he could not compel a contribution, as it was his own proper debt. And the only interest he could have would be in the failure of Plff to establish the point contract, and against that interest he was called to testify—and waiving his strict legal objection, and consenting to testify, I may say with the Court in the Case of Worrall vs. Jones and others, "there is no ground, either on principle or authority for rejecting him"—

(Qn? Judm't set aside?)

James M. Aynur
     vs.
W$^m$ W. Knowlton,
W$^m$ Phelps and
Olmstead Chamberlain

The Same question

Did the Wit. consent?